# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>vs.<br>MARIA ESTRADA (1),<br>JOSE MARTIN BARRAGAN-LOPEZ (2),<br><br>                          Defendants. | CASE NO. 11CR2656 WQH<br><br>AMENDED ORDER |

HAYES, Judge:

      The matters before the Court are: 1) motion to suppress statements and to sever defendants for trial (ECF No. 21) filed by the Defendant Barragan-Lopez; 2) the motion to dismiss or for adverse instruction due to loss of evidence (ECF No. 35) filed by the Defendant Barragan-Lopez; and 3) the motion to dismiss for missing evidence (ECF No. 38) filed by the Defendant Estrada.

## BACKGROUND FACTS

      On June 11, 2011, at approximately 10:00 p.m., Defendant Maria Estrada and Defendant Barragan-Lopez were waiting in a vehicle in the primary lane at the San Ysidro Port of Entry. Defendant Maria Estrada was the driver and Defendant Barragan-Lopez was the passenger. A narcotics dog alerted to the gas tank of the vehicle. Customs officers obtained identification from the Defendants and escorted the vehicle to the secondary lot. Defendants were taken to the security officer while the vehicle was inspected. Packages were observed

1 through a fiber optic scope in the gas tank. The packages were subsequently found to contain methamphetamine.

At approximately 12:43 a.m., on June 12, 2011, a Border Patrol Officer escorted Defendant Maria Estrada from the security office to the security cell and informed her that she was under arrest. At approximately 12:53 a.m., on June 12, 2011, the same Border Patrol Officer escorted Defendant Barragan-Lopez from the security office to the security cell and informed him that he was under arrest. The investigation continued.

At 5:02 a.m., on June 12, 2011, Immigration and Customs Enforcement Officer Karb interviewed Defendant Maria Estrada. Defendant Maria Estrada was informed of her *Miranda* rights and invoked.

At 6:34 a.m., on June 12, 2011, Immigration and Customs Enforcement Officer Karb, assisted by a Spanish-speaking agent, interviewed Defendant Barragan-Lopez. Defendant Barragan-Lopez was informed of his *Miranda* rights. Defendant Barragan-Lopez waived his *Miranda* rights and agreed to speak to the agents.

On June 24, 2011, the federal grand jury in the Southern District of California returned an Indictment charging the Defendants with importation of cocaine and methamphetamine in violation of 21 U.S.C. §§ 952 and 960.

**RULING OF THE COURT**

1) Defendant's motion to suppress statements and to sever defendants for trial.

Defendant Barragan-Lopez moves the Court to suppress his statements made to government agents on following grounds: 1) his statements were not taken within six hours of his arrest; 2) his *Miranda* waiver was not knowing; and 3) his statements were involuntary as a result of coercion by the interviewing agent. The Government asserts that the Defendant was interviewed within six hours of his arrest. The Government asserts that the Defendant was informed of his *Miranda* rights and validly waived his rights. The Government asserts that all statements made by the Defendant were voluntary and not a result of coercion.

18 U.S.C. § 3501(c) provides in relevant part: "In any criminal prosecution by the United States..., a confession made or given by a person ... under arrest..., shall not be

inadmissible solely because of delay in bringing such person before a magistrate judge ... if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest . . .: Provided, that the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge . . . beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available ...magistrate judge."

In this case, the Defendant was placed under arrest at approximately 12:53 a.m., two hours after crossing the border. The interview started at 6:34 a.m. on June 12, 2011. The Court finds no violation of 18 U.S.C. §3501(c). Defendant made his first appearance before a Magistrate Judge on June 13, 2011 without unnecessary delay.

The transcript and the video in this case shows that the Defendant was informed of his *Miranda* rights and knowingly waived his rights. Defendant stated that he did not have his glasses to read the waiver form and the Spanish-speaking agent read the form to the Defendant. Defendant signed the waiver of rights form. Defendant stated that he left Jalisco with his sister and spent the night in a hotel in Tijuana; that they bought tiles in Tijuana in order to fix his sister's bathroom; and that they were on their way to Ontario. The agent told the Defendant Barragan-Lopez that there was 25 kilos of meth in the gas tank of the vehicle and very little gas in the car. Defendant Barragan-Lopez told the agent that he did not know anything about the drugs found in the vehicle. The agents asked the Defendant a number of background questions. The agents asked the Defendant the name of the hotel in Tijuana where Defendants spent the prior night. Defendant Barragan-Lopez stated "I don't remember the name of the hotel." ECF No. 27 at 40. The Spanish-speaking agent stated: "Are you going to remember when they, when they take your mica (Border Crossing Card) from you?" *Id.* The agents told the Defendant that he was under arrest for possession of narcotics and that he would go to court and talk to a judge tomorrow. The following questions and answers took place:

    Defendant:                   Well the only thing I want to ask is, what is going to happen, what is going to happen with me, and?

| | | |
|---|---|---|
| Spanish-speaking agent: | | Well, you're going to jail.., he gave you a chance to speak, to ask for your, to fight your case and you don't want to speak. |
| Defendant: | | I don't want that ...what does he want to know then? |
| Spanish-speaking agent: | | He wants to know, the, the story. |
| Defendant: | | I already told him that ... |
| Spanish-speaking agent: | | You are going to, you're going to lose your mica and you're not going to, to have a chance to come back to the United States. |
| Defendant: | | I already told him what happened, or it's like... |

The following questions and answers took place shortly after:

| | | |
|---|---|---|
| English speaking agent: | | So this is your opportunity to tell the truth. |
| Spanish-speaking agent: | | He's going to, he's going to give you another chance more to tell the truth. |
| English speaking agent: | | And to help yourself. |
| Spanish-speaking agent: | | And to ... and to help you. |
| English speaking agent: | | By cooperating with us. |
| Spanish-speaking agent: | | But you have to cooperate. |
| Defendant: | | In what way is it going to help? |
| Spanish-speaking agent: | | How is he? You have to tell the truth, you have to say what you know. |
| Defendant: | | In what way is he going to help? |
| Spanish-speaking agent: | | He .. Uh.. How are you gonna help him? |
| English speaking agent: | | I would put in my report that you told the truth, that you cooperated. |
| Spanish-speaking agent: | | He's going to see in his report, he is going to write that you, it's, this, well that you cooperated and the you told all the truth and ... |
| English speaking agent: | | And the judge may ...see that as favorable for you. |
| Spanish-speaking agent: | | And the judge perhaps gives you, gives you a pardon and doesn't take away your mica, because you cooperated. |

ECF No. 27 at 45. Defendant subsequently made additional statements.

The Government must prove that a confession is voluntary by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 489 (1972). In order to be voluntary, a confession must be "the product of a rational intellect and a free will." *Blackburn v. Alabama*, 361 U.S. 199, 208 (1960). "A confession 'must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however, slight, nor by the exertion of any improper influence.'" *United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir. 1981) quoting *Malloy v. Hogan*, 378 U.S.1,8 (1964). "In evaluating voluntariness, the 'test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was

overborne.' " *United States v. Male Juvenile*, 280 F.3d 1008, 1022 (9th Cir.2002) (quoting *Derrick v. Peterson*, 924 F.2d 813, 817 (9th Cir.1991)). "Law enforcement conduct which rendered a confession involuntary does not consist only of express threats so direct as to bludgeon a defendant into failure of the will. Subtle psychological coercion suffices as well, and at times more effectively, to overbear 'a rational intellect and a free will.'" *Tingle*, 658 F.2d at 1335 quoting *Blackburn*.

The Court concludes that statements made by the Spanish-speaking agent to the Defendant improperly implied a promise that the judge would give the Defendant a "pardon" and would not take away his immigration papers if he abandoned his earlier statements that he did not know that there were drugs in the vehicle. The Court concludes that the Government has not carried its burden to show by a preponderance of the evidence that the Defendant's confession was voluntary. Defendant's motion to suppress the statements is granted.

The Court concludes that severance is not required at this stage in the proceedings.

2) Defendants' motions to dismiss or for adverse instruction due to loss of evidence

Defendants contends that the tiles to be used for a bathroom remodel and the bags of groceries in the vehicle were not in the vehicle when the defense investigator went to inspect the vehicle on October 12, 2010. Defendants assert that the tiles are material to the show a non-drug related reason for the trip into the United States. Defendants move to dismiss the indictment or, in the alternative, for an instruction to the jury. The Government contends that the location of the tiles and groceries is not known. The Government asserts that the Defendants may elicit testimony from the witnesses regarding the tiles and the groceries. The Government asserts that these items are not material to prove or disprove knowledge of the drugs in the gas tank in the undercarriage of the vehicle.

Unless a criminal defendant can show bad faith on the part of police, failure to preserve potentially useful evidence does not constitute a denial of due process of law. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). There is no evidence in this case that the Government acted in bad faith, that is, to hide the evidence from the defense or to prevent the jury from seeing the evidence. The failure of government agents to preserve the tiles and groceries does

not constitute a denial of due process of law. Defense counsel are free to explore the facts regarding the failure to preserve the evidence and to argue for adverse inferences.

**CONCLUSION**

IT IS HEREBY ORDERED that 1) motion to suppress statements is granted and the motion to sever defendants for trial is denied (ECF No.21); 2) the motion to dismiss or for adverse instruction due to loss of evidence (ECF No. 35) filed by the Defendant Barragan-Lopez is denied; and 3) the motion to dismiss for missing evidence (ECF No. 38) filed by the Defendant Estrada is denied.

DATED: November 8, 2011

**WILLIAM Q. HAYES**
United States District Judge